**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VINCENT C. WHITE, | No. 10-55405 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-00588-CAS-VBK |
| v. | |
| ANTELOPE VALLEY COLLEGE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted October 25, 2011[**]

Before:    TROTT, GOULD, and RAWLINSON, Circuit Judges.

Vincent C. White appeals pro se from the district court's summary judgment

in his action against Antelope Valley College ("AVC") alleging that it

discriminated and retaliated against him when it did not interview or hire him for

employment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the district court's grant of summary judgment, *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004), and for an abuse of discretion the district court's decision not to continue summary judgment under Fed. R. Civ. P. 56(f), *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). We affirm.

The district court properly granted summary judgment on White's disparate treatment claims based on race and sex because White failed to raise a genuine dispute of material fact as to whether AVC's legitimate, nondiscriminatory reasons for not interviewing or hiring him were a pretext for discrimination. *See Vasquez*, 349 F.3d at 640-42.

The district court properly granted summary judgment on White's disparate treatment claim based on age because White failed to raise a triable dispute as to whether his age was the "but-for" cause of his not being interviewed or hired. *See Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2350 (2009).

The district court properly granted summary judgment on White's disparate impact claim because White did not identify a facially-neutral employment practice with a significantly disproportionate impact on African-Americans. *See Stout v. Potter*, 276 F.3d 1118, 1121-22 (9th Cir. 2002) (describing prima facie case of disparate impact).

The district court properly granted summary judgment on White's retaliation claim because White failed to raise a triable dispute as to whether there was a causal link between his alleged protected activity and his not being interviewed or hired. *See Cohen v. Fred Meyer, Inc*., 686 F.2d 793, 796-97 (9th Cir. 1982) (there is no causal link if the decision maker is unaware of the protected activity).

The district court did not abuse its discretion by not continuing AVC's summary judgment motion until White received additional discovery because White failed to show how the additional discovery he sought was necessary to defeat summary judgment. *See California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (under Fed. R. Civ. P. 56(f), a party seeking a continuance must submit an affidavit explaining, among other things, how the sought-after facts are essential to resist the summary judgment motion).

White's remaining contentions are unpersuasive.

White's "Motion to Allow Discovery on Outstanding Claims," filed on June 3, 2010, is denied.

**AFFIRMED.**